DAVID M. HOLLISTER, APPELLANT, *v.* CHARLES McNEILL, RESPONDENT, IMPLEADED, ETC.

*Undertaking on appeal — when it is insufficient — Code of Civil Procedure, sec.* 1327.

The defendant, to stay all proceedings upon a judgment recovered against him, pending an appeal taken by him therefrom, gave an undertaking, with sureties, providing for the payment of all costs and damages which might be awarded against him on said appeal, not exceeding $500, and that if the judgment appealed from, or any part thereof, should be affirmed, or the appeal be dismissed, he would pay "the sum recovered, or directed to be paid by the *affirmance*, or the part thereof as to which it is affirmed."

*Held,* that the undertaking was insufficient as it failed to comply with the requirements of section 1327 of the Code of Civil Procedure; that it should have provided that in case the judgment appealed from, or any part thereof, was affirmed or the appeal dismissed, he, the appellant, would pay "the sum recovered or directed to be paid by the *judgment or order,* or the part thereof as to which it was affirmed."

APPEAL from an order of the Special Term approving the undertaking given by the defendant.

*Ira Shafer,* for the appellant.

*John J. Armstrong,* for the respondent.

BRADY, J.:

The undertaking was given to stay an execution pending an appeal taken. The undertaking was as follows:

*Whereas,* On the the 10th day of October, 1883, judgment was recovered by the plaintiff in the above entitled action against Charles McNeill, one of the defendants therein, for the sum of $8,264.81, and such judgment was entered with the clerk of the city and county of New York on that day; and,

*Whereas,* The said Charles McNeill feeling aggrieved thereby, intends to appeal therefrom to the General Term of the Supreme Court; and the court before whom the cause was tried and judgment rendered having made an order that all proceedings on the part of the plaintiff be stayed pending the said appeal on the defendant giving the undertaking, executed by sufficient sureties and conditioned as herein provided.

Now, therefore, we, Bernardus Hendrickson (gentleman), Benjamin C. Mott (hotel proprietor and farmer), of Hempstead, Queens county; George H. Creed, of Jamaica, Queens county (gentleman); Timothy J. Campbell, of No. 14 Columbia street, New York city (gentleman), and Gilbert Creed, of Queens (butcher), do hereby pursuant to the statute and said order, jointly and severally undertake that the appellant will pay all costs and damages which may be awarded against him on said appeal, not exceeding $500, and we do also in like manner undertake that if the judgment appealed from, or any part thereof, is affirmed, or the appeal is dis-

missed, the appellant will pay the sum recovered, or directed to be paid by the affirmance or the part thereof as to which it is affirmed.

Dated *October* 16, 1883.

|                              |            |
|------------------------------|------------|
| B. HENDRICKSON.              | [L. S.]    |
| TIMOTHY J. CAMPBELL.         | [L. S.]    |
| GEORGE H. CREED.             | [L. S.]    |
| BENJAMIN C. MOTT.            | [L. S.]    |
| GILBERT CREED.               | [L. S.]    |

Witness — JOHN J. ARMSTRONG.

The plaintiff's objection to the undertaking was that, by section 1327 of the Code the undertaking must be to the effect that if the judgment or order appealed from, or any part thereof, is affirmed, or the appeal is dismissed, he (the appellant) will pay the sum recovered or directed to be paid by the judgment or order, or the part thereof as to which it is affirmed, while the undertaking given provided that the appellant should pay the sum recovered or directed to be paid by the affirmance, or the part thereof, as to which it is affirmed.

We entertain no doubt that the objection was well taken. The statute as to the effect of the undertaking is undoubtedly mandatory. It cannot be disregarded. There is a wide difference between an obligation to pay a sum which shall be directed to be paid by the judgment or order of the court, and that which is to be paid by the affirmance of a judgment on appeal by the appellate court. The difference is so self-evident that it is not necessary to discuss it, and the order appealed from is therefore regarded as erroneous. The objection taken should have been sustained for this reason, and the defendant required to execute a new undertaking, in proper form, for which purpose an opportunity will be given him, and ten days allowed for that purpose, after the service of the order to be entered on this adjudication, and the payment of ten dollars costs and the disbursements of this appeal.

DAVIS, P. J., and DANIELS, J., concurred.

Order reversed, order entered as directed in opinion, order to be settled by BRADY, J.